IiDOUCET, Chief Judge,
dissenting.
I respectfully disagree with the majority herein. The record shows that a question of fact remains herein as to the ownership of the leasehold rights.
*1066 Montex argues that overhead expenses should not be included in the calculation of expenses since it is an owner/operator. The plaintiffs argue that Montex, as a corporation, is a separate entity from the Moncrief family members who have acquired the lease as individuals and is not, therefore, an owner/operator. The plaintiffs further argue that Montex is not an owner/operator because Montex’s stock is owned only by two of those who own the rights under the lease. However, the record contains an assignment of lease rights from the Moncriefs to Montex, dated March 16,1990. Plaintiffs further contest Montex’s ownership based on the testimony of a Mr. May at the hearing on the defendants’ Exceptions of Nonjoinder of Indispensable Parties. Plaintiffs argue that May’s testimony constitutes an admission that Montex does not have an interest in the lease. However, the record does not contain the entire transcript of the hearing at which May testified. Further, the excerpt used by the plaintiffs in support of their motion does not establish Mr. May’s qualifications to speak on the |2subject of ownership of the lease rights. The exhibits to which he refers are not attached to the excerpt of testimony. Therefore, this testimony, as it appears in the record, does not constitute an admission with regard to Montex’s ownership of the lease rights. However, there does appear to be a legitimate dispute of fact as to the ownership of the lease rights. It is my belief that we cannot reach the question of who is being billed for overhead costs, or of the effect of any billings on the calculation of profits, until the question of who owns the lease rights has been settled. Without such a determination, it is impossible to decide whether overhead expenses should be included in the calculation of profits.
In summary judgment situations, any doubt should be resolved in favor of a trial on the merits. Therefore, I would reverse the judgment of the trial court and remand the matter for further proceedings.